**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| EDITH MELENDEZ, | No. CV 14-719-PLA |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on February 6, 2014, seeking review of the Commissioner's denial of her application for Supplemental Security Income payments. The parties filed Consents to proceed before the undersigned Magistrate Judge on March 3, 2014, and March 27, 2014. Pursuant to the Court's Order, the parties filed a Joint Stipulation on October 17, 2014, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

## II.

## **BACKGROUND**

Plaintiff was born on June 26, 1954. [Administrative Record ("AR") at 157-58.] She has past relevant work experience as a child care worker, "packer - chocolate factory," and "inspections - clothing manufacture." [AR at 173.]

On September 26, 2011, plaintiff protectively filed an application for Supplemental Security Income payments. [AR at 26, 157.] In her application, plaintiff alleged disability beginning on June 1, 2010. [AR at 26, 158.] After her application was denied, plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ"). [AR at 83-115.] A hearing was held on April 9, 2013, at which time plaintiff appeared represented by an attorney, and testified on her own behalf through the assistance of a Spanish language interpreter. [AR at 40-82.] A vocational expert ("VE") also testified. [AR at 67-79.] On May 3, 2013, the ALJ issued a decision concluding that plaintiff was not under a disability since September 26, 2011, the date the application was filed. [AR at 26-34.] When plaintiff's request for review of the hearing decision [AR at 17] was denied by the Appeals Council on December 3, 2013 [AR at 1-9], the ALJ's decision became the final decision of the Commissioner. See Sam v. Astrue, 550 F.3d 808, 810 (9th Cir. 2008) (per curiam). This action followed.

## III.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir. 2010).

"Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1159 (9th Cir. 2008)

(internal quotation marks and citation omitted); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998) (same). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001); see Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) ("[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence.") (internal quotation marks and citation omitted). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." Ryan, 528 F.3d at 1198 (internal quotation marks and citation omitted); see Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, [the reviewing court] may not substitute [its] judgment for that of the ALJ.").

## IV.

## **THE EVALUATION OF DISABILITY**

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

**A.  THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995), as amended April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the

claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., pt. 404, subpt. P, app. 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to perform past relevant work. Drouin, 966 F.2d at 1257. If the claimant meets this burden, a prima facie case of disability is established. The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since September 26, 2011, the date the application was filed. [AR at 28.] At step two, the ALJ concluded that plaintiff has the following severe impairments: "obesity; degenerative disc disease of the cervical and lumbar spine; and a history of seizures." [Id.] At step three, the ALJ determined that plaintiff does not have an impairment or a combination of impairments that meets or medically equals any of the impairments in the Listings.[1] [AR at 30.] The ALJ further found that

---

[1]    See 20 C.F.R. pt. 404, subpt. P, app. 1.

plaintiff retained the residual functional capacity ("RFC")[2] to perform light work as defined in 20 C.F.R. § 416.967(b)[3] as follows:

> [S]he can exert up to 20 pounds of force occasionally and/or up to 10 pounds of force frequently and/or a negligible amount of force constantly to move objects. She can stand and walk up to six hours and sit up to six hours in an eight-hour workday with normal breaks. She can perform work that does not require balancing, crawling, or climbing ladders, ropes or scaffolds. She is unable to perform more than occasional stooping, kneeling, crouching, or climbing of ramps or stairs. She is unable to perform work requiring exposure to hazardous, heavy, moving machinery (such as cutting/sawing machines), unprotected heights, or other high risk, hazardous or unsafe conditions. In addition, she is unable to communicate effectively in English.

[AR at 30.] At step four, the ALJ concluded that plaintiff is able to perform past relevant work as a hand clothes examiner, as both generally and actually performed (Dictionary of Occupational Titles ("DOT") 781.687-014) and as a sewing machine operator, but only as generally performed (DOT 787.682-066). [AR at 32-33.] Accordingly, the ALJ determined that plaintiff was not disabled at any time from September 26, 2011, the date that the application was filed. [AR at 33.]

## V.

## **THE ALJ'S DECISION**

Plaintiff argues that the ALJ committed reversible error in the step four determination by concluding that plaintiff could return to her past relevant work. [Joint Stipulation ("JS") at 4.] In particular, plaintiff argues that the ALJ erred in concluding that plaintiff could perform her past relevant work as "inspections - clothing manufacture." Plaintiff raises two challenges to this

---

[2] RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." Massachi v. Astrue, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

[3] 20 C.F.R. § 416.967(b) defines "light work" as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requiring "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls."

5

conclusion. First, she contends that the ALJ erred by separating this one prior job into several jobs. [JS at 4-6, 12; AR at 32-33.] Second, and independent of this issue, plaintiff argues that the ALJ erred by failing to analyze whether the job of sewing machine operator required that she be exposed to hazards when the ALJ's RFC determination expressly precludes her from working around hazards. [JS at 6-7, 11-12.] As set forth below, the Court agrees with plaintiff and remands the matter for further proceedings.

### A. Past Relevant Work

At step four, plaintiff bears the burden of showing that she does not have the RFC to engage in "past relevant work." Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001) (citing 20 C.F.R. § 416.920(e); Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). If plaintiff can perform her past relevant work, then she is not disabled. If she cannot so perform, or if she does not have any past relevant work, then the ALJ moves to step five, in which he determines if plaintiff has the RFC to do other substantial gainful work. Lewis, 236 F.3d at 515. Although plaintiff has the burden of proof at step four, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001) (citing 20 C.F.R. §§ 416.974, 416.965; Social Security Ruling[4] ("SSR") 82-61).

Plaintiff contends that the ALJ erred by separating her prior occupation of "inspections - clothing manufacture" into several separate DOT occupations, and argues instead that her prior inspections/manufacture job was in fact a "combination of occupations" that "cannot be described in a single DOT occupational title." [JS at 6; AR at 32, 173.] Indeed, SSR 82-61 recognizes that "[c]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT." SSR 82-61, Titles II and XVI: Past Relevant Work, 1982 WL 31387.

---

[4] "The Commissioner issues Social Security Rulings [("SSRs")] to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." Holohan v. Massanari, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001) (internal citations omitted).

1 "[T]he best source for how a job is generally performed is usually the [DOT]," and for an ALJ to properly conclude that a job is generally performed in a manner "that contradicts the [DOT], the record must contain 'persuasive evidence to support the deviation.'" Pinto, 249 F.3d at 845-46 (quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)). The DOT raises a presumption as to job classification requirements. See Johnson, 60 F.3d at 1435. An ALJ may rely on VE testimony that varies from the DOT description of how a job is performed "only insofar as the record contains persuasive evidence to support the deviation." Light v. Soc. Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997) (citing Johnson, 60 F.3d at 1435).

In Valencia v. Heckler, 751 F.2d 1082 (9th Cir. 1985), the Ninth Circuit addressed a situation involving a composite job. Valencia had past relevant work as an agricultural worker, and one of the tasks she performed as part of that job was sorting tomatoes. The Commissioner concluded that Valencia was not disabled because she could perform the task of tomato sorting, and thus could perform her past relevant work. The Valencia panel reversed the decision of the Commissioner, finding that it was error to conclude that sorting tomatoes was plaintiff's past relevant work because that was only one of the myriad of tasks that plaintiff performed. Id. at 1086-87; see also Bendt v. Astrue, 2012 WL 4364272, at *1 (C.D. Cal. Sept. 24, 2012) ("In classifying [plaintiff]'s job, a [VE] is required to consider all of the duties performed by plaintiff on that job.") (citing Valencia, 751 F.2d at 1086); Suzuki v. Astrue, 2010 WL 4572686, at *4 (C.D. Cal. Nov. 3, 2010) (remanding because "it seems that the [VE] never resolved the issue that he himself identified, namely, that [p]laintiff's work was a 'composite' position . . . and that the position did not exist in the DOT.") (citing Valencia, 751 F.2d at 1086-87).

In this case, plaintiff testified during the hearing on April 9, 2013, that in one of her former jobs she inspected clothing that was being manufactured. [AR at 48.] In administrative documents, plaintiff referred to this position as "inspections - clothing manufacture." [AR at 173.] During the hearing, she indicated that as part of that job she "sometimes" did sewing, "sometimes" inspected clothing, and "sometimes" put tags on the clothes. [AR at 48.] She further testified that she sometimes had to lift items that weighed "about 25 pounds" and that she was able to alternate between sitting and standing given that she could not sit for more than an hour or stand "for a long

time." [AR at 49-50.] The ALJ accepted the VE's testimony that this one job was actually "three different kinds of jobs," properly classified as the following DOT occupations: hand clothes examiner (DOT 781.687-014), sewing machine operator (DOT 787.682-066), and bagger[5] (DOT 920.687-018). [AR at 32-33, 68-69.] The VE, however, failed to resolve the issue that plaintiff's previous job of "inspections - clothing manufacture" was a "composite job" that had no counterpart in the DOT. Moreover, it appears that each of these three DOT occupations represents just one task plaintiff performed at her job because she sometimes inspected clothing, sometimes did sewing, and sometimes put tags on the clothes. While an ALJ is not permitted to isolate a specific task from the myriad of tasks performed in a previous occupation in order to terminate the disability determination at step four (Valencia, 797 F.2d at 1087), that is precisely what the ALJ did here.

Furthermore, plaintiff's previous "inspections - clothing manufacture" job required that she lift about 25 pounds. The RFC determination limits her to lifting no more than 20 pounds. [Compare AR at 30 with AR at 50.] Thus, it appears that the physical demands of plaintiff's past relevant work, as actually performed, are inconsistent with her present RFC.[6] At step four, when plaintiff cannot perform her previous job, but only one or more tasks associated with that job, an ALJ may not find her capable of returning to her past relevant work. Valencia, 751 F.2d at 1087. Step four is limited to determining whether plaintiff can perform her prior work, not other work. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1166-67 (9th Cir. 2008) ("Only if the ALJ finds that [plaintiff] can no longer perform [her] past work, as properly classified, does the analysis move to the fifth and final step of determining whether [plaintiff] can perform any other work that exists in the national economy.") (citing 20 C.F.R. § 416.920; Valencia, 751 F.2d at 1086-87).

For the reasons set forth above, substantial evidence does not support the ALJ's step four determination that plaintiff can return to her past relevant work. Remand is warranted.

---

[5] The ALJ made no findings as to the bagger position. [AR at 26-34.]

[6] The ALJ did not determine which of the multiple jobs identified by the VE would require plaintiff to perform lifting. Thus, it cannot be determined whether the ALJ's limitation to performing the sewing machine operator job as "customarily and generally performed" resolves the lifting issue. [AR at 32-33.]

8

### B. DOT Criteria

"When a VE . . . provides evidence about the requirements of a job or occupation, the [ALJ] has an affirmative responsibility to ask about any possible conflict between that VE . . . evidence and information provided in the DOT." SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000). SSR 00-4p further provides that "[i]f the VE's . . . evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict." Id.

Here, plaintiff argues that there is a conflict between the VE's testimony and the DOT, in that a limitation that she is unable to perform work that requires exposure to "hazardous, heavy, moving machinery (such as cutting/sawing machines)," is inconsistent with the requirements of work as a sewing machine operator. [JS at 6.]

In this case, while the ALJ posed seven different hypotheticals to the VE [see AR at 78], he failed to adequately investigate or otherwise develop the issue that, as plaintiff is limited from performing work around hazardous machinery, the occupation of a sewing machine operator could require exposure to potentially hazardous machinery, namely "heavy machinery [or] moving machinery." [See AR at 71.] In fact, it appears that the VE may have attempted to testify that plaintiff could not perform work as a sewing machine operator with such a limitation. During the hearing, the VE stated that the job of sewing machine operator "could not be done, because of the possibility of getting - -." [AR at 72.] But rather than develop the record on this issue, the ALJ instead cut the VE off, stating "[n]o, I am not considering it based on hazards." [Id.] The ALJ did not explain why he would explicitly state that he was not considering hazards when the hypothetical he posed to the VE specifically included such a limitation. While plaintiff bears the burden of proving disability, the ALJ in a social security case has an independent "special duty to fully and fairly develop the record and to assure that [plaintiff]'s interests are considered." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) (quoting Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)); see also Armstrong v. Comm'r of Social Sec. Admin., 160 F.3d 587, 589 (9th Cir. 1998) ("[T]he ALJ has a duty to assist in developing the record.") (internal citation omitted); Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (holding that an ALJ has a duty to fully and fairly develop the record where the evidence is ambiguous). This duty extends to the represented as well as to the unrepresented plaintiff. Smolen, 80 F.3d at 1288;

9

see Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003). The ALJ's responsibility derives in part from the basic premise that disability hearings are not adversarial in nature. See Sims v. Apfel, 530 U.S. 103, 110-111, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000). It is also based on the regulatory directive that, in an administrative hearing, the ALJ "looks fully into the issues." 20 C.F.R. § 416.1444. See Pearson v. Bowen, 866 F.2d 809, 812 (5th Cir. 1989) (recognizing ALJ's "duty of 'full inquiry' under § 416.1444"). As part of this duty, the ALJ has an obligation to take reasonable steps to ensure that issues and questions raised are addressed so that the disability determination is fairly made on a sufficient record of information, both favorable and unfavorable to plaintiff. See Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1999); Cox v. Califano, 587 F.2d 988, 991 (9th Cir. 1978). The responsibility to see that this duty is fulfilled belongs entirely to the ALJ; it is not part of plaintiff's burden. White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2001).

In this case, the ALJ failed to fully and fairly develop the record in his step four analysis as to whether plaintiff could perform work as a sewing machine operator. Therefore, the Court finds that remand is warranted on this issue as well.

## VI.

## REMAND FOR FURTHER PROCEEDINGS

As a general rule, remand is warranted where additional administrative proceedings could remedy defects in the Commissioner's decision. See Harman, 211 F.3d at 1179; Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984). In this case, remand is appropriate for the ALJ to properly conduct the step four determination, namely to fully develop the record with regard to plaintiff's past relevant work as "inspections - clothing manufacture" and then determine whether this work was a composite job and, if so, whether plaintiff has the residual functional capacity to perform the exertional demands of all of the tasks of the composite job. The ALJ should also fully develop the

record with respect to any deviations from the DOT.[7] The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **granted**; (2) the decision of the Commissioner is **reversed**; and (3) this action is **remanded** to defendant for further proceedings consistent with this Memorandum Opinion.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: November 21, 2024

/s/ Paul L. Abrams
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[7] The Court notes that the occupations identified by the VE and the ALJ have language requirements that may exceed the ALJ's determination that plaintiff "is unable to communicate effectively in English." [AR at 30.] On remand, the ALJ should further clarify the analysis with respect to the issue of plaintiff's language abilities and any deviations from the DOT. See Pinto, 249 F.3d at 845-46.